JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-6437 PA (PJWx) | Date | August 20, 2014 |
|---|---|---|---|
| Title | Henrique Nascimento v. Jordana Soares, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed on August 15, 2014 by Jordana Soares ("Defendant"). Plaintiff Henrique Nascimento ("Plaintiff") filed a Complaint in Los Angeles Superior Court, asserting a single cause of action for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(a).

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318, 327 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d at 327. "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption . . . ." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d at 327 (emphasis in original). The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-6437 PA (PJWx) | Date | August 20, 2014 |
|---|---|---|---|
| Title | Henrique Nascimento v. Jordana Soares, et al. | | |

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Defendant, however, asserts that jurisdiction exists because Defendant is a bona fide tenant under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220 ("PTFA"), and the Complaint is artful pleading. (Notice of Removal ¶¶ 3, 7.)

Unlawful detainer proceedings do not purport to adjudicate title to the property at issue – only the right to possession is implicated. It is evident from the Complaint that Plaintiff filed this action for the sole purpose of recovering possession of the property at issue. (See Complaint.) Defendant asserts that the PTFA preempts state law as to bona fide residential tenants of foreclosed landlords. However, Plaintiff's claim does not arise from this statute.

Furthermore, any defenses that Defendant might raise to this unlawful detainer action or claims she might assert in a separate claim of unlawful foreclosure, are insufficient to confer removal jurisdiction over this action. See, e.g., U.S. Bank N.A. v. Barcenas, No. CV-12-9907-R, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs., LLC v. Orozco, No. 2:12-cv-09957-ODW (AGRx), 2012 U.S. Dist. LEXIS 172200, at *3-4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction"). Thus, Defendant's allegation that the PTFA applies here does not constitute a proper basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 60-61, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206, 218-19 (2009) (finding that neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal).

Accordingly, Defendant has failed to meet her burden of showing that federal subject matter jurisdiction exists here. Because the Court lacks subject matter jurisdiction, this action is remanded to the Los Angeles County Superior Court, Case No. 14P04210. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.